**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| B & F AUTO CLINIC, INC.     ) | |
|     ) | |
|    Plaintiff,     ) | |
|     ) | |
|     v.     ) | Cause No. 2:25-cv-424 |
|     ) | |
| FEDERATED MUTUAL INSURANCE    ) | |
| COMPANY,     ) | |
|     ) | |
|    Defendant.     ) | |

## OPINION AND ORDER

Plaintiff B & F Auto Clinic, Inc. brought a breach of contract claim (Count I) and a breach of good faith claim (Count II) against Defendant Federated Mutual Insurance Company for a dispute arising out of an unpaid insurance claim. This matter is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's complaint. [DE 13.] For the reasons stated below, the motion is granted and Count II of the complaint is dismissed without prejudice. Plaintiff will be given thirty days to file an amended complaint providing a more robust description of the facts supporting Count Two.

### Background

Plaintiff brought a complaint in state court on July 18, 2025, which Defendant removed to this Court on September 16, 2025. [DE 1.] Plaintiff claims that its property in Hammond was damaged in a storm. [DE 5, ¶ 9.] At the time of the damage, Plaintiff had a commercial insurance policy issued to it by Defendant, which provided coverage for certain damage to the property. *Id.* at ¶ 5. Plaintiff reported the storm damage to

Defendant and alleges that Defendant determined after an inspection that the damage was a covered loss under Plaintiff's policy. *Id.* at ¶¶ 11-12. Despite submitting proof of the loss and estimates for replacement costs, Plaintiff alleges that Defendant has refused to pay the replacement costs to Plaintiff. *Id.* at ¶ 16.

### Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a claim for relief must be "plausible on its face." *Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires the plaintiff to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must plead facts that "suggest a right to relief that is beyond the speculative level," which requires alleging "enough details about the subject-matter of the case to present a story that holds together." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010). While I must accept the complaint's allegations as true and draw all reasonable inferences in Plaintiffs' favor, see *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021), "sheer speculation, bald assertions, and unsupported conclusory statements" in the complaint fail to meet this burden, *Taha*, 947 F.3d at 469.

## Discussion

Plaintiff's complaint has two counts. The first count is for breach of contract. This count is not being challenged in the present motion. The second count asserts that Defendant has breached its covenant of good faith. It is this latter count that Defendant has moved to dismiss, and which will be discussed here.

"Indiana law has long recognized that there is a legal duty implied in all insurance contracts that the insurer deal in good faith with its insured." *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993). This duty includes the obligation to refrain from

> (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim. Neither do we need to decide the precise nature and extent of damages recoverable in such an action.

*Id.* at 519. However, a cause of action for bad faith "does not arise every time an insurance claim is erroneously denied." *Id.* at 520. This is because a "claim of bad faith includes 'the additional element of conscious wrongdoing.'" *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 179 F. Supp. 3d 851, 857 (S.D. Ind. 2016) (quoting *Colley v. Indiana Farmers Mut. Ins. Grp.*, 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998)). Showing conscious wrongdoing requires showing a "state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will." *Colley*, 691 N.E.2d at 1261.

In this case, Plaintiff has alleged that Defendant has breached its duty of good faith in six ways, which largely appears to be a recitation of the four grounds for bad faith listed in *Hickman*. In particular, Plaintiff alleges that Defendant breached its duty

3

of good faith:

    a) By making an unfounded refusal to pay policy proceeds to Plaintiff;

    b) By causing an unfounded delay in making payment to Plaintiff for its damaged property;

    c) By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

    d) By attempting to exercise any unfair advantage to pressure Plaintiff into a settlement of its claim;

    e) By failing and refusing to pay Plaintiff in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiff regarding its claim;

    f) By compelling Plaintiff to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision.

[DE 5, ¶ 23.]

The first four of these grounds are nearly verbatim recitations of the potential grounds listed in *Hickman*; however, Plaintiff's allegations in support of these grounds are threadbare, or do not exist at all in the complaint. For example, there is no allegation of what pertinent facts or policy provisions Defendant misrepresented to Plaintiff, nor is there a single allegation of how Defendant pressured Plaintiff into a settlement. On the contrary, the complaint states that Defendant consented in writing to extend the limitations period for Plaintiff, allowing him to file this suit. *Id.* at ¶ 18.

What's more, some of the theories are alleged in exactly the way the Indiana Supreme Court decreed to be insufficient in *Hickman* itself and in subsequent case law. Every time an insurance company disputes a claim and it goes to court, a Plaintiff could

argue that there is an "unfounded refusal to pay," that the refusal was "causing an unfounded delay" and that the company's actions were "compelling Plaintiff to institute litigation to protect policy benefits[.]" *Id.* at ¶ 23. Without more, these are simply truisms inherent to any insurance coverage dispute and provide the grounds for a breach of contract suit, not a claim of bad faith. *Hickman*, 622 N.E.2d at 520 (finding that a dispute "about whether the insured has a valid claim at all will not supply the grounds for a recovery in tort for the breach of the obligation to exercise good faith. This is so even if it is ultimately determined that the insurer breached its contract.").

To make this more than a breach of contract claim, Plaintiff has to allege facts showing "the additional element of conscious wrongdoing." *Telamon*, 179 F. Supp. 3d at 857 (quoting *Colley,* 691 N.E.2d at 1261). This means alleging plausible facts showing a "state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will." *Colley*, 691 N.E.2d at 1261. To hold otherwise would mean that an insurance company would be saddled with litigating a breach of good faith claim every time there is a plausible breach of contract claim, a result Indiana courts have been careful to avoid. *Hickman*, 622 N.E.2d at 520 ("this new cause of action [breach of good faith] does not arise every time an insurance claim is erroneously denied… That insurance companies may, in good faith, dispute claims, has long been the rule in Indiana.").

Plaintiff's response to the motion to dismiss contains approximately one page of total legal analysis, in which Plaintiff makes the conclusory statement that the "facts support the tortious breach in that Defendant made an unfounded delay in making payments to Plaintiff, which is a breach of the duty of good faith[.]" [DE 15, 5.] This

5

ignores the additional element of conscious wrongdoing.

It is true that I reached a different result in *Pokropinski v. Farmers Direct Property and Casualty Insurance Co.*, 2025 WL 2255319 (N.D. Ind. Aug. 6, 2025). But in that case, while the allegations were on "the sparse side" there was enough meat on the bone to allow the claim to go forward. *Id.* at *1. Specifically, I noted that the "amended complaint alleges that because of the loss, the house was uninhabitable for an extended amount of time and Farmers refused to provide Plaintiffs with additional living expense when they couldn't live in the home" and then Farmers wrongfully delayed and refused to pay them the proceeds under the policy." *Id.* at *3. I further noted that the amended complaint "specifically alleges that Farmers misrepresented facts and its policies regarding coverage, unreasonably delayed in making payment, and failed in good faith to effectuate prompt, fair, and equitable settlements." *Id.* The complaint in this case contains far fewer allegations than *Pokropinski* that, even charitably read, could be found to state a breach of good faith claim.

A claim that an insurer breached its obligation to exercise good faith requires showing "more than bad judgment or negligence" and Plaintiff has not provided sufficient facts to plausibly allege more than that in this complaint. *Auto–Owners Ins. Co. v. C&J Real Estate, Inc.*, 996 N.E.2d 803, 805–06 (Ind. Ct. App. 2013).

### Conclusion

For the reasons stated above, Defendant's Motion to Dismiss Count II is GRANTED and Count II of Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff has until June 26 to file an amended complaint should it so choose.

**SO ORDERED**.

ENTERED:  May 27, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT